Charles F. **ASHTON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 17377.

United States Court of Appeals
District of Columbia Circuit.

Argued June 19, 1963.

Decided Aug. 15, 1963.

Mr. Jay E. Ricks, Washington, D. C. (appointed by this court) for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Robert B. Norris, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This is an arson case, in which the accused relied on insanity as a defense. The jury found him guilty, and the court sentenced him to a term of imprisonment. This appeal followed.

At the trial, the Government put on testimony that the defendant-appellant had set fire to his niece's house just after she had denied him admittance; that he had remained near the house, watching the fire; and that he had freely admitted setting the fire to the Deputy Fire Marshal on duty at the scene, and also to a police officer who was present. The defense put on only one witness, a psychiatrist who testified that in his opinion the accused was suffering from a brain syndrome, with psychotic reaction, and that the offense was the product of his mental disease.

In rebuttal, the Government called two psychiatrists. One testified that the accused was a malingerer, without mental defect or mental illness; the other testified that she could form no firm opinion, but she felt that in all probability he was not suffering from a mental illness. The case was then submitted to the jury.

■ The claimed errors ably urged on appeal by court-appointed counsel (not appellant's counsel at trial) chiefly relate to the admission of certain items of evidence, none of which was objected to at the trial. Two of the psychiatrists— one for the defense and one for the Government—referred to appellant's past history of mental illness. It appeared from their testimony that this history was connected with earlier crimes for which the accused had served sentences of imprisonment. But this information as to Ashton's criminal record was either volunteered, or came out in response to questions by the trial judge, or by appellant's trial counsel. The Government elicited none of it. No objection was made by the defense, and the information does not seem to us to be substantially prejudicial—in fact, counsel may have thought it would be helpful to the accused.

■ One of the Government psychiatrists testified that the appellant told him that he had no recollection of setting fire to his niece's house, but that if people said he had done it, he must have; and that if he did it, he must have been crazy. This is alleged to have been a violation of Section 4244 of Title 18 of the United States Code.[1] But at the trial

---

1. "§ 4244. Mental incompetency after arrest and before trial.

"Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the

no objection was made to this testimony; it was as much exculpatory as incriminating; the fact that appellant had actually set the fire was overwhelmingly proved, if not tacitly admitted; and much of this was elicited by the court rather than by Government counsel. It is a fair inference, also, that the evidence came in as bearing on the issue of insanity. Guilt or innocence in the factual sense, the focal point of the prohibition contained in Section 4244, had by this time ceased to be a substantial issue.[2]

■ Appellant suggests that the trial court committed error in not formally adjudicating him competent to stand trial, citing Gunther v. United States, 94 U.S. App.D.C. 243, 215 F.2d 493 (1954). In that case, the defendant was adjudicated incompetent to stand trial, and was later found competent by the superintendent of St. Elizabeths Hospital, who wrote the court to that effect. The court per-

mitted the trial to proceed without making a judicial determination of Gunther's competency. We remanded so that such a determination might be made. In contrast, in the instant case, Ashton moved for a mental examination. This was ordered, and the result was a report from the hospital, received some three months later, that Ashton was competent to stand trial. The court entered no order on the subject, but proceeded with the trial. No point was made of this at trial. On appeal, we are simply apprised of the point—without being urged to reverse or remand on this ground. We think, under the circumstances, there would be no useful purpose served by either reversal or remand.[3] No proffer was or is made of evidence which might show that Ashton was incompetent to stand trial.

On the whole case, therefore, we conclude that there was no error affecting substantial rights.

Affirmed.

United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and

make a finding with respect thereto. *No statement made by the accused in the course of any examination into his sanity or mental competency* provided for by. this section, whether the examination shall be with or without the consent of the accused, *shall be admitted in evidence against the accused on the issue of guilt* in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury." (Emphasis supplied.)

2. Compare D.C.Code § 14–308 (1961).

3. In Gunther, of course, there was an outstanding order adjudicating Gunther incompetent. No such order was entered here. As the opinion in Gunther points out, a full scale hearing is required by statute "only where there has been a psychiatric finding of present incompetency." 94 U.S.App.D.C. at 245, n. 9, 215 F.2d at 496, n. 9.