UNITED STATES of America,
Appellee,

v.

Harold WILLIAMS, Appellant.

No. 22325.

United States Court of Appeals
Ninth Circuit.

Oct. 21, 1968.

Charles M. Berg (argued), Beverly Hills, Cal., for appellant.

John G. Milano, Asst. U. S. Atty. (argued), Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, BROWNING and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Harold Williams was tried before a jury and found guilty of bank robbery in violation of 18 U.S.C. § 2113(a) (1964). On this appeal from the judgment of conviction, he first contends that the trial court erred in not giving his

proposed jury instruction on the defense of insanity, or an instruction on that subject based on section 4.01 of the American Law Institute Model Penal Code.

The instruction given by the court on this subject differed from that proposed by defendant only in the inclusion of an additional basis for a determination that defendant was insane. Thus the instruction given was more favorable to defendant than the instruction he requested.

Moreover, after the court made known to the parties the form of instruction on the insanity defense which would be given, counsel indicated that it was "acceptable" to defendant. In the charge to the jury the trial court departed from this form of instruction in two minor respects, both favorable to defendant. Defendant took no exception to the instruction as given.

Under Rule 30, Federal Rules of Criminal Procedure, a party may not, except as provided in Rule 52(b), Federal Rules of Criminal Procedure, assign as error an instruction to which he failed to make timely objection at the trial. Under Rule 52(b), plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. In our opinion, the insanity instruction did not, under the circumstances of this case, constitute plain error affecting substantial rights.

■ During the deliberations of the jury they requested that the instruction on insanity be given again. In doing so, the trial court used "and" at a place where "or" had been used when the instruction was first given. Defendant argues that this variance in the instruction constituted reversible error.

The use of "and" instead of "or" the second time the instruction was given was favorable to defendant. After reinstructing on this issue the court invited comments from counsel and counsel for defendant stated that he had no questions or exceptions. There was no error, "plain" or otherwise, in reinstructing the jury as indicated.

■ Defendant argues that testimony of Officer Ernest Frescura concerning what defendant said at the police station after his arrest should have been excluded because the warning requirements of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and People v. Dorado, 62 Cal.2d 338, 42 Cal. Rptr. 169, 398 P.2d 361, assertedly were not met.

The state decision in People v. Dorado has no application in this federal prosecution. Neither has *Escobedo*, since that case relates to circumstances under which in-custody interrogation proceeds after the denial of the accused's request that his immediately-available counsel be present. Here defendant did not have counsel at the time of the interrogation and was not affirmatively denied access to counsel. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, which expanded the warning requirement, was decided after this defendant's trial, and is therefore not applicable. See Johnson v. State of New Jersey, 384 U.S. 719, 733–734, 86 S.Ct. 1772, 16 L.Ed.2d 882; White v. United States, 9 Cir., 394 F.2d 49, 57.

In addition, the two or three statements made by defendant at the police station, as testified to by Officer Frescura, related only to the question of whether defendant committed the robbery. But the only defense offered at the trial was that of insanity and defendant himself testified that he committed the robbery.

The trial court did not err in receiving the questioned testimony by Officer Frescura.

■ The medical expert on insanity called by defendant was Dr. Joel Fort. On cross examination the Assistant United States Attorney asked Dr. Fort whether, on the basis of the conclusion he had arrived at, he would "excuse him of responsibility for his admitted robbery of the bank." Defendant's objection to the question was overruled, and Dr. Fort answered: "In the psychiatric sense or the legal medical sense I would

excuse him from the responsibility, as I understand your question."

While we think the question was improper, defendant was not prejudiced because the answer was favorable to him. As provided in Rule 52(a), Federal Rules of Criminal Procedure, any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. The error in question therefore does not require reversal.

■ Pursuant to 18 U.S.C. § 4244 (1964), the trial court appointed Dr. Walter Rapaport to examine defendant prior to the trial as to his mental condition. In testifying as to this examination and giving his opinion as to defendant's mental condition, Dr. Rapaport stated:

> "He knew that there was charged that he had broken the law, but he would not discuss the details of the offense itself, saying, 'Sir, I have not pled—I have not had a trial yet. I have pled not guilty.'"

Dr. Rapaport also testified concerning a number of statements made to him by defendant during the examination, which statements had nothing to do with the robbery here in question.

Defendant argues that reception of this evidence was reversible error because section 4244 provides that:

> "No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding."

Defendant raises this question for the first time on this appeal. He made no objection to the indicated testimony when it was given, nor did he move to strike it. Moreover, on cross examination, defendant's own counsel likewise asked Dr. Rapaport to testify concerning many statements made by defendant during the medical examination. In addition, the statements referred to on direct examination of Dr. Rapaport were not admitted in evidence on the issue of defendant's guilt and had no tendency to establish guilt. Finally, as pointed out above, the defendant admitted that he committed the crime, the only issue being whether he should be held not responsible on the ground of insanity. See Ashton v. United States, 116 U.S. App.D.C. 367, 324 F.2d 399, 400–401.

Under those circumstances we hold that the trial court did not err in failing to strike, sua sponte, this testimony by Dr. Rapaport.

Other contentions by defendant on this appeal have been examined and have been found to be without merit.

Affirmed.