**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Anthony Lee HITE, Defendant-**
**Appellant.**

**No. 71–1905.**

United States Court of Appeals,
Sixth Circuit.

June 16, 1972.

Russell Rice, Jr., Jackson, Tenn. (Court Appointed), for appellant.

Kemper B. Durand, Memphis, Tenn., for appellee; Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on brief.

Before CELEBREZZE, McCREE and KENT, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction upon a jury verdict of guilty of two counts of a three count indictment charging Appellant with bank robbery under 18 U.S.C. § 2113. For the reasons set forth below, we affirm the judgment of conviction.

Appellant asserts several grounds for appeal, only three of which warrant discussion.

First, Appellant contends that the District Court erred in not permitting the court-appointed psychiatrist to be called as the last witness for the defense. It was disclosed at oral arguments that the Court called the psychiatrist to testify prior to the close of Appellant's case because the witness had prior commitments and would not have been generally available for testimony on a later date. We believe that whenever practicable, expert witnesses appointed under Rule 28, F.R.Crim.P., should generally be made available to the defendant at such time and manner as will best assist his case. We do not find, however, that the District Court abused its discretion in this respect in the present case.

For his second ground of appeal, Appellant asserts that the District Court erred in refusing to give the jury a requested instruction on temporary insanity based on this Court's ruling in United States v. Smith, 404 F.2d 720 (6th Cir. 1968). The jury instructions prescribed in that case, however, are required only after the defendant has presented a prima facie defense of lack of criminal responsibility, so as to overcome the presumption of sanity. See United States v. Smith, 437 F.2d 538, 539 (6th Cir. 1970). In the present case there was no evidence to constitute a prima facie defense of temporary insanity. The testimony of the psychiatrist certainly did not establish such a defense, but rather supported the presumption that Appellant was sane at the time of the offense. The District Court therefore properly concluded that the question of temporary insanity was not before the jury so as to require the requested instructions.

Finally, Appellant asserts that the jury verdict of guilty on counts two and three of the indictment cannot stand in the face of his acquittal on count one. Count one charged Appellant with the substantive crime of bank robbery as proscribed in 18 U.S.C. § 2113(a). Count two charged Appellant with putting lives in jeopardy during the commission of the robbery charged in count one, in violation of 18 U.S.C. § 2113(d). Count three charged Appellant with the taking and carrying away of money from a bank, as proscribed in 18 U.S.C. § 2113(b).

In United States v. Fried, 436 F.2d 784, 785 (6th Cir. 1971), this Court construed the Supreme Court's decision in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), as proscribing only the pyramiding[1] of sentences—and not multiple convictions—for the several crimes set forth in 18 U.S.C. § 2113. Appellant's conviction on counts two and three as separate offenses is therefore not improper, since neither consecutive nor multiple sentences were imposed under those counts.

Nor is there any merit to Appellant's claim that the jury verdict of guilty of counts two and three is fatally inconsistent with his acquittal of count one since counts two and three were merely incidental to the substantive

crime charged in count one. As noted by this Court in United States v. Booth, 454 F.2d 318, 321 (6th Cir. 1972), an apparent inconsistency in a jury's guilty and not guilty verdicts on a multi-count indictment does not invalidate the verdicts.

The judgment of the District Court is therefore affirmed.