**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry G. CARTER, Defendant-Appellant.**

**No. 73–1360.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1973.

Decided Nov. 6, 1973.

Cornelius Pitts, Detroit, Mich., for defendant-appellant.

Dennis M. Furman, Asst. U. S. Atty., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before PECK and McCREE, Circuit Judges, and ALLEN,* District Judge.

PER CURIAM.

This is an appeal from a judgment of conviction of knowingly and unlawfully

* The Honorable Charles M. Allen, United States District Judge for the Western District of Kentucky, sitting by designation.

possessing a quantity of cocaine, a controlled substance, in violation of 21 U.S. C. § 844(a), entered by the court sitting without a jury.

The sole issue presented on appeal is whether there was sufficient evidence to permit the trial judge to find beyond a reasonable doubt that the offense had been established. This issue was preserved for our consideration by a timely motion for acquittal.

The evidence viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), establishes that the controlled substance was found by federal agents in a bowl in plain view in the apartment in which appellant resided.

The district court expressly posited his finding of guilt on the inference he drew that appellant constructively possessed the cocaine because he occupied and controlled the apartment where it was found. Appellant, on the other hand, contends that the cocaine could just as likely have been the property of one of the three or four other persons present in the apartment when the controlled substance was discovered or that it could have been left there by someone in attendance at a party held on the premises the previous Saturday. Appellant urges us to adopt the rule that in circumstantial evidence cases, the evidence must exclude every reasonable hypothesis except that of guilt before the trier of fact may consider the question of guilt or innocence.

Although there is precedent in other circuits and in some state jurisdictions supporting this proposition, see, e. g., Guevara v. United States, 242 F.2d 745 (5th Cir. 1957); Delgado v. United States, 327 F.2d 641 (9th Cir. 1964); People v. Davenport, 39 Mich.App. 252, 197 N.W.2d 521 (1972), it is not the law

of this circuit. United States v. Conti, 339 F.2d 10 (1964); United States v. Prieur, 429 F.2d 1237 (1970).

In *Conti,* we followed the teaching of the Supreme Court in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L. Ed. 150 (1954) where it said:

The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions, [Citations omitted], but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect, [Citations omitted].

Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

We are not persuaded to reconsider the rule of this circuit at this time.

The record suggests that there may be a substantial issue concerning the validity of the seizure of the cocaine, but this issue was not presented in this appeal and we expressly do not decide it here.

Accordingly, the judgment is affirmed.