UNITED STATES of America, Plaintiff-Appellee,

v.

Billie SHEPARD, Defendant-Appellant.

No. 75–2270.

United States Court of Appeals, Sixth Circuit.

Argued April 1, 1976.

Decided June 24, 1976.

Dale Quillen, Nashville, Tenn., for defendant-appellant.

Thomas F. Turley, Jr., U.S. Atty., Glen Reid, Jr., Devon L. Gosnell, William A. McTighe, Jr., Memphis, Tenn., for plaintiff-appellee.

Before CELEBREZZE, PECK and ENGEL, Circuit Judges.

PECK, Circuit Judge.

Defendant-appellant was convicted in district court of aiding and abetting the taking "by force and violence, or by intimidation," 18 U.S.C. §§ 2, 2113(a), and the taking and carrying away "with intent to steal or purloin," 18 U.S.C. §§ 2, 2113(b), certain monies from a federally-insured bank. He was fined $3,000 and, subject to 18 U.S.C. § 4208(a)(2) modification, sentenced to three years' imprisonment on the section 2113(a) conviction; the district judge suspended sentence, but placed appellant on two years' probation to follow his imprisonment, on the section 2113(b) conviction.[1]

---

1. At least two other courts of appeals would vacate the section 2113(b) conviction, *Wright v. United States,* 519 F.2d 13, 18–20 (7th Cir.), *cert. denied,* 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262 (1975), *O'Clair v. United States,* 470 F.2d 1199 (1st Cir. 1972), *cert. denied,* 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973), and at least one other court of appeals would vacate the probation, *Gorman v. United States,* 456 F.2d 1258 (2d Cir. 1972), *see Moore v.*

We have examined in detail appellant's various claims of error, but have found no reversible error.

## COMPETENCY

Originally, the district judge found appellant incompetent to stand trial, and committed him to the Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to 18 U.S.C. §§ 4244, 4246, for further psychiatric examination and evaluation. This Court, by unpublished order, 500 F.2d 1403 (6th Cir. 1974), sustained the district court order for further examination, and the Supreme Court denied appellant's petition for writ of certiorari. 419 U.S. 1048, 95 S.Ct. 622, 42 L.Ed.2d 642 (1974). The Medical Center reported that appellant was competent, and the district judge determined that appellant was competent after holding a hearing on the subject.

Appellant claims that his conviction should be vacated because the district judge improperly determined him to be competent.[2] Appellant claims that neither of the two witnesses at the competency hearing was a "qualified psychiatrist," purportedly required by section 4244, and that the evidence is insufficient to prove his competency "beyond a reasonable doubt."

Assuming that neither witness[3] was a statutorily "qualified psychiatrist," section 4244 requires only that the "qualified psychiatrist" examine appellant and "report to the court." However, that section does not require that the "qualified psychiatrist" testify at the competency hearing. Jack Eardley, a psychiatrist often qualified as an expert witness,[4] reported to the court that appellant was competent "[b]ased upon the available records and upon my psychiatric examination." Appellant has failed to undercut the facial validity of the report.[5]

Likewise, we reject the claim that the government failed to prove competency. Appellant mistakes the beyond-a-reasonable-doubt proof standard for sanity at the time of the purported commission of the crime, see *Lynch v. Overholser,* 369 U.S. 705, 713, 82 S.Ct. 1063, 1069, 8 L.Ed.2d 211 (1962); *United States v. Moore,* 75–2 U.S. Tax Cas. ¶ 9548 (6th Cir. 1975); *Hamilton v. United States,* 475 F.2d 512 (6th Cir. 1973); *United States v. Smith,* 437 F.2d 538 (6th Cir. 1970), for the preponderance-of-the-evidence standard for competency at trial.[6]

*United States,* 432 F.2d 730, 740 (3rd Cir. 1970). But this court in *United States v. Fried,* 436 F.2d 784 (6th Cir.), *cert. denied,* 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 714 (1971), sustained convictions and remanded for sentencing virtually identical to the convictions and sentences imposed on appellant. Accord, *United States v. Hite,* 461 F.2d 646 (6th Cir. 1972). In the absence of claimed error in the sentences, we do not re-examine *Fried* and *Hite.*

2. As a remedy, appellant proposes that we remand to the district court for another section 4244 hearing and, if appellant then be found competent, for re-trial. See *Dusky v. United States,* 362 U.S. 402, 403, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

3. One witness (Thomas A. W. White) was a graduate student in clinical psychology at the University of Kansas, completing his doctorate work by studying in "a supervised clinical internship" at Menninger Foundation. The other witness (Becquer Benalcazar) was a foreign-educated physician, trained in psychiatry at the Menninger School of Psychiatry, and licensed to practice psychiatry in institutional programs, but not licensed to engage in generalized and private practice of psychiatry.

4. The district judge properly qualified Eardley as an expert witness concerning insanity at appellant's trial. Eardley has often been previously qualified as an expert. *See, e. g., United States v. Moore,* 75–2 U.S. Tax Cas. ¶ 9548 (6th Cir. 1975); *United States v. Tesfa,* 404 F.Supp. 1259 (E.D.Pa.1975).

5. Appellant failed to attack the facial sufficiency of the report by asserting, perhaps, that Eardley "rubber-stamped" the report of one other than a "qualified psychiatrist" without "examin[ing]" appellant, though the government made Eardley available at the competency hearing. Explaining appellant's refusal to attack the sufficiency is the testimony of White and Benalcazar, see footnote 3, *supra,* at the competency hearing, and of Eardley at the trial, see footnote 4, *supra,* indicating that Eardley, in fact, examined appellant.

6. The district judge properly recognized the different standards. In determining appellant to be competent, the district court candidly admitted, "our determination is certainly not a determination based on any standard of beyond reasonable doubt. . . ." Such admission, of course, does not undercut the determination.

*United States v. Marbley,* 410 F.2d 294, 295 (5th Cir. 1969); *United States v. Tesfa,* 404 F.Supp. 1259, 1267–68 (E.D.Pa.1975); *United States ex rel. Bornholdt v. Ternullo,* 402 F.Supp. 374, 377 (S.D.N.Y.1975); *United States v. Goldenberg,* 325 F.Supp. 723 (S.D.N.Y.1971). Substantial evidence supports the competency finding, and, therefore, we cannot invalidate the finding as "clearly erroneous." *United States v. Holmes,* 452 F.2d 249, 268 (7th Cir. 1971), *cert. denied,* 405 U.S. 1016, 407 U.S. 909, 92 S.Ct. 1291, 1302, 2433, 31 L.Ed.2d 479, 32 L.Ed.2d 683 (1972); *Hall v. United States,* 410 F.2d 653, 658 (4th Cir.), *cert. denied,* 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969); *Bornholdt, supra.*

## SANITY

■ Appellant claims another section 4244 violation in the district court permitting Eardley as an expert witness at trial to recount, over specific defense objection, that at the court-ordered examination appellant related the alibi that he had "dr[iven] out to look at some farm property." Assuming such recollection violated the statute,[7] we view the error as being harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). First, Eardley's testimony was cumulative because an FBI agent had previously testified that appellant related to him a similar alibi. *See United States v. Albright,* 388 F.2d 719, 725–26 (4th Cir. 1968). Second, the statement, unlike in *Albright, supra,* was exculpatory, rather than inculpatory. *Ashton v. United States,* 116 U.S.App.D.C. 367, 324 F.2d 399, 401 (1963).

■ Appellant's claim that there was insufficient evidence to support a jury determination of sanity beyond a reasonable doubt borders on being frivolous. One psychiatrist, in rebuttal, testified that he considered appellant "responsible," rather than

"suffering from any mental disease or defect" and being "incapable of understanding the wrongness of his conduct," and concluded that appellant "could conform his conduct to the requirements of the law." A Ph.D. clinical psychologist opined that appellant suffered only "mild" brain damage, affecting his perception rather than cognitive processes, and could understand the wrongness of his conduct and conform his conduct. As with general claims of insufficiency of evidence, see, e. g., *United States v. Stull,* 521 F.2d 687, 689–90 (6th Cir. 1975), we test the sufficiency of evidence of sanity by viewing the evidence and "the inferences properly deducible therefrom . . . 'in the light most favorable to the government.'" *United States v. Fortune,* 513 F.2d 883, 890 (5th Cir. 1975); *United States v. Urbanis,* 490 F.2d 384, 386 (9th Cir.), *cert. denied,* 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974). So viewed, there is abundant evidence because the jury could properly accept the opinions of the government experts and reject those of the defense experts. Even if there were evidence that the defense experts were better qualified or more thoroughly examined defendant, the jury could still reject their opinions. *Urbanis, supra; Fortune, supra.*

## JURY INSTRUCTIONS

We also reject appellant's claims that the district court prejudicially erred in refusing his proffered circumstantial evidence and "character" jury instructions and in informing the jury that the government was not responsible for the post-indictment delay of two years in examining appellant.

■■ Where the jury was "properly instructed on the standards for reasonable doubt," *Holland v. United States,* 348 U.S. 121, 139, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), or the "general charge on reasonable doubt . . . [was] clear, comprehensive and complete," *Continental Baking Co. v.*

---

*United States v. Holmes,* 452 F.2d 249, 268 (7th Cir. 1971), *cert. denied,* 405 U.S. 1016, 407 U.S. 909, 92 S.Ct. 1291, 1302, 2433, 31 L.Ed.2d 479, 32 L.Ed.2d 683 (1972).

**7.** The statute provides, in part, that

"[n]o statement made by the accused in the course of any examination into his sanity or mental competency . . . shall be admitted in evidence against the accused 'on the issue of guilt in any criminal proceeding." 18 U:S.C. § 4244

*United States,* 281 F.2d 137, 146 (6th Cir. 1960), refusing a "circumstantial evidence" instruction[8] is proper. *Holland, supra; United States v. Nelson,* 419 F.2d 1237, 1239–41 (9th Cir. 1969); *Continental Baking, supra.* As in *United States v. Pipkins,* 528 F.2d 559, 564 (5th Cir. 1976), the district judge instructed the jury, without objection, on reasonable doubt.

Appellant has claimed other reversible error, but we have found those claims to be similarly lacking in merit.

Affirmed.

---

8. The proffered instruction that to be sufficient to convict "circumstantial evidence [must] be of such nature as to exclude every reasonable hypothesis except that of guilt" misstates the law. *See, e. g., United States v. Carter,* 486 F.2d 1027 (6th Cir. 1973), *cert. denied,* 416 U.S. 937, 94 S.Ct. 1936, 40 L.Ed.2d 287 (1974); *United States v. Burkeen,* 350 F.2d 261, 264 (6th Cir.), *cert. denied,* 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed.2d 369 (1965); *United States v. Conti,* 339 F.2d 10, 12–13 (6th Cir. 1964); *United States v. Grimes,* 332 F.2d 1014, 1016 (6th Cir. 1964).