62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony D. LIBERATORE, Defendant-Appellant.
 No. 94-3739.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1995.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Anthony D. Liberatore, appeals his conviction and sentence. After a two-week jury trial, Liberatore was found guilty on all charges against him. Following the jury's verdict, the U.S. District Court for the Northern District of Ohio scheduled a sentencing hearing to be held on August 20, 1993.
 
 
 2
 Three hours before Liberatore's scheduled sentencing hearing, Liberatore's counsel filed a motion under 18 U.S.C. Sec. 4241 seeking a hearing to determine defendant's competence to be sentenced. After Liberatore underwent psychological evaluation by several doctors, the district court held a two-day hearing on the subject of defendant's competency. After the competency hearing, the court determined that Liberatore was competent for sentencing, and sentenced Liberatore to 120 months in prison. See United States v. Liberatore, 846 F. Supp. 569, 581-82 (N.D. Ohio 1994). This timely appeal followed. After thoroughly examining the record in this case, and considering each of the issues raised by defendant-appellant Liberatore, we AFFIRM Liberatore's conviction and sentence.
 
 I.
 
 3
 Defendant Liberatore was indicted and charged on nine counts including racketeering; conspiracy, aiding, and abetting of racketeering activity; and money laundering. The racketeering acts were facilitated by Liberatore's involvement with La Cosa Nostra and the Laborers' International Union of North America (L.I.U.N.A. or "Laborers"). La Cosa Nostra (LCN) is a nationwide, secret organization whose members engage in ongoing and organized criminal activity. One of LCN's goals is to control L.I.U.N.A. for the benefit of LCN members.
 
 
 4
 The Government identified Liberatore as the LCN member responsible for operating Laborers' Locals 310 and 860 in Northeastern Ohio. When Liberatore was not incarcerated, he held office within these locals. Even when Liberatore was imprisoned he was considered to be in control of all Laborers' activity in Cleveland: during periods of his imprisonment, Liberatore continued to receive income from the union, and union officials regularly visited him in prison to discuss union matters.
 
 
 5
 The charges against Liberatore arose out of Liberatore's formulation and control of several labor bribery schemes and a drug money laundering scheme. Through his connections with the Laborers, Liberatore ensured that particular construction companies received preferential treatment on union contracts and that Laborer officials neglected their union duties in exchange for favors and money. Liberatore also facilitated, for the benefit of a local drug dealer whom he had met in prison, a money laundering scheme through which drug money was invested in a union project to construct residential homes. The scheme provided for the drug dealer to receive half the profits from the sale of the residential homes while Liberatore and the builder would split the other half of the profits.
 
 II.
 
 6
 Liberatore raises numerous issues on appeal, the principal one being that the district court improperly determined that he was competent to be sentenced. This Court reviews a district court's determination of competence for clear error. United States v. Shepard, 538 F.2d 107, 109 (6th Cir. 1976). Consequently, when substantial evidence supports a competency finding, we cannot overturn the finding as "clearly erroneous." Id. Here, we find that the district court's thorough and well-reasoned conclusion that Liberatore was competent to be sentenced is supported by substantial evidence. See United States v. Liberatore, 846 F. Supp. 569 (N.D. Ohio 1994). And although the district court's opinion might be read as proposing a somewhat less stringent standard for determining competency for sentencing than would be required for determining competency for the pre-trial and trial phases of a criminal proceeding, it is clear that the standard that the district court applied in coming to its conclusion is essentially that required by Dusky v. United States, 362 U.S. 402 (1960) (per curiam). Consequently, we affirm the district court's holding.
 
 
 7
 Liberatore next alleges that his motion for a new trial was improperly denied. See United States v. Liberatore, 856 F. Supp. 358 (N.D. Ohio 1994). We review the district court's decision to deny a motion for a new trial for abuse of discretion. Boburka v. Adcock, 979 F.2d 424, 427 (6th Cir. 1992), cert. denied, 113 S. Ct. 2933 (1993). The district court will only be overturned, therefore, if we form a "definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir. 1989) (citation omitted). No such clear error is present in the district court's judgment. On the contrary, we find the district court's careful analysis persuasive and its conclusions that Liberatore was competent at the time of trial and that the assistance of Liberatore's trial counsel was not ineffective well supported by the record. Consequently, we uphold the district court's denial of Liberatore's motion for a new trial. Likewise, Liberatore's separate assignment of error, that he was denied effective assistance of counsel at trial, is not supported by the record. As the district court properly found, Liberatore's trial counsel "behaved in an objectively reasonable way." Liberatore, 856 F. Supp. at 367. Nor, as the district court correctly found, was there any evidence that Liberatore was prejudiced by his counsel's performance at trial. Id.
 
 
 8
 Liberatore's remaining allegations include his contentions that: the district court improperly denied Liberatore's Rule 29 motion for acquittal on the RICO count; that several of the jury instructions given by the district court were improper; that the district court improperly excluded evidence; that the district court improperly enhanced Liberatore's base offense level for his role in the offense; and that the district court failed to comply with Criminal Procedure Rule 32. We do not find merit in any of these remaining claims.
 
 
 9
 We have reviewed Liberatore's claim of insufficiency of the evidence to determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir. 1989). After our review we find that the evidence at trial was sufficient to prove the RICO violation charged -- that is, that the defendant was associated with an enterprise consisting of himself, Chester Liberatore, Dominic Olivo, and L.I.U.N.A. and its subordinates, and that the defendant, including periods during which he was in prison, conspired to and did conduct and participate in that enterprise's affairs through a pattern of racketeering activity. The evidence at trial was also sufficient to prove that Liberatore's activity furthered the operation and management of the enterprise itself.
 
 
 10
 We review Liberatore's objections to the jury instructions for plain error, since Liberatore's counsel did not object to the instructions at the time they were given. United States v. Goodlett, 3 F.3d 976, 978 (6th Cir. 1993). We find that the RICO jury instruction was not plainly erroneous because sufficient evidence was presented at trial to prove that Liberatore had participated in the operation and management of the enterprise. Therefore, although the court did not instruct the jury that the "conduct or participate" language of Sec. 1962(c) of RICO meant to participate in the "operation or management of the enterprise itself," the language used by the Supreme Court in Reves v. Ernst & Young, 113 S. Ct. 1163, 1173 (1993), we do not find that this error was so egregious as to result in a miscarriage of justice. Indeed, the language used by the district court to instruct on the RICO counts includes the instruction that the phrase "to conduct or participate directly or indirectly in the conduct of the affairs of the enterprise" means "the performance of acts, functions or duties which are necessary or helpful in the operation of the enterprise." We conclude that the omission of the reflexive pronoun "itself" in this otherwise clear and accurate instruction can hardly be viewed as leading to a likely miscarriage of justice. Likewise, no plain error resulted from the district court's jury instruction on the Taft-Hartley charges. The requirement that the transactions constituting the violations exceed $1,000 is not an element of the Taft-Hartley offense and thus requires no instruction. The district court's instruction on willfulness properly stated the applicable law. See United States v. Carter, 311 F.2d 934, 943 (6th Cir.), cert. denied sub. nom. Felice v. United States, 373 U.S. 915 (1963).
 
 
 11
 We find that the district court properly excluded a taped conversation that Liberatore sought to introduce. Despite Liberatore's contentions, the evidence does not satisfy any of the exceptions to the hearsay rule.
 
 
 12
 We also find that the district court acted within its discretion in enhancing Liberatore's base offense level pursuant to the U.S. Sentencing Guidelines Sec. 3B1.1(a). In this case, the district court's decision to add four levels to Liberatore's offense level was well supported by findings that Liberatore was accepted as the leader by the other participants in the labor violations. The court also found that the money laundering scheme depended on Liberatore's involvement. In fact, the court viewed Liberatore's motivation throughout the illegal activity as an attempt to retain his position of power and leadership within the union organization, and this conclusion is supported by the record. Consequently, we uphold the district court's sentence calculation.
 
 
 13
 Finally, Liberatore contends that the district court failed to comply with Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure which requires the court to ensure that the defendant and defendant's counsel have had an opportunity to read and discuss the presentence investigation report (PSI). It is clear in this case, however, that both Liberatore and his counsel at sentencing had read and understood the PSI. For example, Liberatore's counsel raised specific objections to aspects of the PSI at the sentencing hearing at which Liberatore was present. The court further addressed Mr. Liberatore and inquired whether he would like to address the court, and Liberatore declined. Consequently, if there was any error in the district court's failing to explicitly determine that Liberatore and his counsel read and understood the PSI, the error was harmless.
 
 III.
 
 14
 For the foregoing reasons, the defendant's conviction and sentence are AFFIRMED.
 
 
 
 *
 The Honorable James D. Todd, United States District Court for the Western District of Tennessee, sitting by designation