**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roy Wilfred WOOTEN, Defendant–**
**Appellant.**

No. 02–6534.

United States Court of Appeals,
Sixth Circuit.

April 29, 2004.

Darryl A. Stewart, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Sumter L. Camp, Asst. F.P. Defender, Federal Public Defender's Office, Nashville, TN, Roy Wilfred Wooten, Nashville, TN, for Defendant–Appellant.

Before: MARTIN and ROGERS, Circuit Judges; and BELL, District Judge.*

## ORDER

This is a direct appeal from a district court judgment finding Roy Wilfred Wooten incompetent to stand trial. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 14, 2001, Roy Wilfred Wooten, a professional musician, was indicted on four counts of tax evasion, in violation of 26 U.S.C. § 7201. Wooten's subsequent conduct caused the district court to question Wooten's competency to stand trial. Wooten underwent several competency evaluations, the results of which convinced the district court that Wooten was, in fact, incompetent to stand trial within the meaning of 18 U.S.C. § 4241(d). Accordingly, the district court ordered that Wooten be committed to the custody of the Attorney General of the United States for further evaluation and treatment. This commitment order was stayed, however, pending Wooten's appeal to this Court.

The only issue before this panel is whether the district court erred in concluding that Wooten was incompetent to stand trial. The district court's determination will not be disturbed on appeal unless clearly erroneous. *United States v. Shepard,* 538 F.2d 107, 110 (6th Cir.1976).

After his indictment on charges related to tax evasion, Wooten was released on an unsecured bond. He subsequently appeared before the district court when ordered to do so, but his participation in the district court proceedings was defined by his insistence on responding to virtually every question with arcane, pseudo-legal jargon commonly associated with tax protestor literature. He also repeatedly proclaimed his beliefs that the federal government is bankrupt, the Department of the Navy runs the country under Admiralty Law and the Uniform Commercial Code, the Internal Revenue Service is really a

* The Honorable Robert Holmes Bell, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation.

foreign debt collector based in Puerto Rico and that Wooten, who lives in Nashville, is not actually a resident of the United States. Wooten also filed volumes of pleadings, many signed only with his thumb print, that the district court found virtually indecipherable. Faced with these abnormalities, the district court, fearing that Wooten might not be competent to assist in his own defense, ordered a competency evaluation. The district court concluded that the results of the first evaluation were unreliable because of the examiner's inexperience and therefore ordered Wooten to submit to another evaluation by a different mental health professional, Dr. Pamela Auble.

Dr. Auble, a neuropsychologist, spent approximately four hours interviewing Wooten and also reviewed a significant amount of documentation that was provided to her. She ultimately concluded that Wooten suffered from a persecutory delusional disorder. Pursuant to the Diagnostics and Statistical Manual IV–TR, a diagnosis of persecutory delusional disorder is appropriate if the following factors are satisfied:

(1) non-bizarre delusions of at least one month's duration;

(2) criteria A for schizophrenia is not met;

(3) apart from the impact of delusions or its ramifications, functioning is not markedly impaired and behavior is not obviously odd or bizarre;

(4) if mood episodes occur with the delusions, their total duration has been brief relative to the duration of the delusional periods; and

(5) the disturbances cannot be due to the direct physiological effects of a substance like a drug of abuse or a medication, or a general medical condition.

Dr. Auble acknowledged that Wooten understood the charges against him as well as the roles of the various individuals in the courtroom, but she nevertheless concluded that Wooten's belief system affected his behavior such that it interfered with his ability to function in a courtroom setting.

Wooten disagreed with Dr. Auble's opinion and insisted that he was competent to stand trial. He presented two witnesses— Dr. Jack Gilliland and Dr. Lindley Murray, both psychologists—to counter Dr. Auble's testimony. Dr. Gilliland conducted a competency evaluation consisting of personal interviews with Wooten and a review of various documents that Wooten provided to him. Dr. Gilliland testified that he and Dr. Murray—who conducted the psychological assessment portion of the evaluation but who did not review any documents in much detail—had both concluded that Wooten was competent to stand trial.

After holding a hearing and considering all the relevant evidence, the district court found "by a preponderance of the evidence that Mr. Wooten is suffering from a mental disease or defect of delusional disorder," which "prevents Mr. Wooten from assisting properly in his defense." Accordingly, the district court concluded that Wooten was not mentally competent to stand trial within the meaning of 18 U.S.C. § 4241. The district court found the opinion of Dr. Auble credible, especially as it was corroborated by the court's own observations of Wooten's behavior in court and the numerous "irrational" documents that he had filed. The district court credited Dr. Auble's testimony over that of Dr. Gilliland and Dr. Murray because of Dr. Auble's "greater experience" and because "Dr. Gilliland and Dr. Murray did not review all the pertinent documents, didn't review all the transcripts, and didn't do, in my opinion, a thorough evaluation of Mr.

Wooten on that basis." Wooten was ordered committed to the custody of the Attorney General of the United States, but the commitment order was stayed in order to allow him to pursue this appeal.

It is beyond peradventure that one may not be tried for a crime unless he is mentally competent to stand trial. *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The "test of whether a defendant is competent to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rationale as well as factual understanding of the proceedings against him.'" *United States v. Murphy,* 107 F.3d 1199, 1203 (6th Cir.1997) (citing *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). A defendant shall be deemed incompetent where a court finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

We believe that the district court's determination that Wooten was incompetent to stand trial finds ample support in the record. In making its determination, the district court properly relied upon the expert testimony of neuropsychologist Dr. Auble—which the court reasonably found to be more credible than the testimony of Dr. Gilliland and Dr. Murray—as well as the court's own observations of Wooten throughout the pre-trial proceedings. That Wooten was "unable ... to assist properly in his defense" is further illus-

trated by one particular episode in which he completely undermined his counsel's successful attempt to redact incriminating evidence from Dr. Auble's report and to protect Wooten's Fifth Amendment privileges. We also note that appointed counsel for Wooten and the United States Attorney both agree that the district court's decision should be affirmed as not clearly erroneous, and Wooten's letter to this Court in response to his counsel's brief does not challenge that conclusion.

Under these circumstances, we are unable to say that the district court's determination that Wooten was incompetent to stand trial was clearly erroneous.[1] Therefore, the district court's judgment is AFFIRMED.

---

1. We are concerned in this appeal solely with Wooten's competence as of the date of the district court's order finding him incompetent to stand trial. The issue of whether there has been a change in the status of Wooten's competency, while significant, is not for us to consider.