UNITED STATES of America,
Plaintiff-Appellee,

v.

Sherrie Diane FRASER,
Defendant-Appellant.

No. 82–5541.

United States Court of Appeals,
Sixth Circuit.

Argued April 29, 1983.

Decided June 23, 1983.

James V. Barr, III (argued), Nashville, Tenn., for defendant-appellant.

Robert J. Washko (argued), U.S. Atty., Joe B. Brown, Derry Harper, Nashville, Tenn., for plaintiff-appellee.

Before JONES and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

WELLFORD, Circuit Judge.

An indictment issued in the Middle District of Tennessee against defendant-appellant Sherrie Fraser on May 19, 1982, charging her as an accessory after the fact to the

escape of a felon. The indictment charged appellant with receiving, comforting and assisting co-defendant Frank Timothy Collins, in order to hinder or prevent his apprehension and punishment under 18 U.S.C. § 3. At the time of the indictment, appellant Fraser was located in Canada with Collins, her companion, following Collins' escape from a Tennessee jail more than two years before. In this appeal, she argues inter alia that the district court erred in finding venue proper in the Middle District of Tennessee.

After an earlier escape, Collins failed to appear for trial in the federal court in Nashville, Tennessee, in February of 1979, on numerous criminal charges. After surveillance of Fraser, Collins was arrested in appellant Fraser's presence in Kentucky some six months after the escape. Collins pled guilty to the charges later in 1979 and was incarcerated in a Tennessee jail near Nashville, and also near appellant's home in Hendersonville, Tennessee. She worked at the time in Nashville for the state government.

Fraser visited Collins several times at the jail, bringing him clothes and food. On February 27, 1980, she received permission to leave work at noon, and brought clothes to Collins in jail. Later that night, Collins escaped from jail, through a fire exit. The door to Collins' cell and the fire exit had been tampered with to effectuate his escape. Fraser disappeared at the same time from her home and job in Tennessee.

Subsequently, it was discovered by authorities in this country that Fraser and Collins had rented an apartment in Canada, posing as husband and wife, Harold E. Fraser, Jr. and Sherrie Fraser. Appellant was working in Canada to provide money to help Collins set up two businesses, and was involved with him in falsifying documents to obtain loans. They were arrested by Canadian officers on May 6, 1982, for alleged illegal activities and detained by immigration officials.

Appellant Fraser was indicted on May 19, 1982, in Tennessee. She was deported from Canada after the indictment and was flown to Dallas, Texas, where she was taken into custody by U.S. Marshals. She was then returned to the Middle District of Tennessee on the accessory after the fact charge. Following a jury trial in the United States District Court, she was convicted on that charge.

Fraser was indicted in Nashville under 18 U.S.C. § 3238.[1] At the time of the indictment she was living with an escaped felon in Canada and "out of the jurisdiction of any state." The indictment was filed in the Middle District of Tennessee, which was the "last known residence of the [alleged] offender," Fraser, and also the place from which Collins' escape had taken place. Fraser was charged with assisting Collins in his escape and in preventing his apprehension thereafter. Obviously, witnesses with knowledge of the essentials of the charge and any defense offered by appellant would most likely be located in or about the Middle District of Tennessee.

At the time of trial, appellant, through her counsel, orally moved to dismiss the indictment on grounds of improper venue. There was no demand for a speedy trial in another venue, nor was there reference by appellant's counsel to any venue provision except Art. 3, § 2, cl. 3, of the Constitution.[2] Appellant simply sought to

1. This statute provides:

The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one or two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

2. *Criminal Trial by Jury.*

The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial

have the indictment dismissed, under a constitutional assertion that trial had to be held in the state where the crime had been committed.

The court overruled the motion to dismiss as premature, making reference to 18 U.S.C. § 3237, which provides for trial of offenses against the United States begun in one district and continued in another to be brought in either district. The government, however, asserted that venue was proper in that district under 18 U.S.C. § 3238. The government's position before the trial court was that even if all the evidence presented related to appellant's conduct *in Canada,* and there were no direct proof of illegal conduct in the Middle District of Tennessee, § 3238 required only that the government prove appellant's last known residence in Middle Tennessee since appellant had not been "brought into any district" at the time of the indictment. The trial judge, at a hearing in which the government made tender of proof that appellant's last known residence was in the Middle District of Tennessee, ruled that venue was appropriate in that District under 18 U.S.C. § 3238.

We agree with the district court that § 3238 should be interpreted in the disjunctive; that is, if the indictment in question is filed *before* the offender is brought into this country, venue may be in the district of the offender's last known residence. Otherwise, proper venue is in the district where the offender is "arrested or first brought."

Chief District Judge Robert Peckham gave 18 U.S.C. § 3238 thorough consideration in *United States v. Layton,* 519 F.Supp. 942 (N.D.Cal.1981), and reached what we consider to be a sound conclusion. Layton had been indicted in October, 1980, on counts arising out of the tragic and bizarre events leading to the murder of Congressman Leo Ryan in Guyana during 1978. At the time the indictment was filed in the California federal court, the place of Layton's last known residence, the defendant was in a Guyana prison on pending charges in that country. He was brought back to

this country to face indictment charges of conspiracy to murder a Congressman, the murder having occurred abroad. After the indictment, Layton was "first brought" to New York before proceeding to San Francisco in the company of FBI agents. Citing *United States v. Hay,* 376 F.Supp. 264, 268 n. 2 (D.C.Colo.1974), *aff'd.,* 527 F.2d 990 (10th Cir.1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176, Judge Peckham found that venue was proper in California, the place of defendant's last known residence, under 18 U.S.C. § 3238. The California federal district court found that one of the purposes of that statute, as it now exists after a 1963 amendment, "was to prevent the running of the statute of limitations where an offender remained abroad but was not clearly a fugitive." 519 F.Supp. at 944. Citing legislative history, he concluded that there was no expression of purpose to effect a rule that

> would represent a sharp deviation from the ordinary rule, in which an indictment is proper only if filed in a district where venue *for trial* is proper. *See* 8A *Moore's Federal Practice* ¶ 18.02[1]. We believe that, had Congress intended to make a rule so at odds with the common understanding of the consequence of a proper indictment—i.e. that a trial in the same district is also proper—it would have unambiguously done so.

*Id.* at 945.

We agree with the interpretation given by Judge Peckham and adopted by the District Court below. Appellant's interpretation, made in her appellate brief and argument, would require interruption of initial proceedings in one district by moving them to an arbitrary venue, that to which an offender is "first brought" in this country. In this respect, appellant did not move that the place of trial be moved to Dallas, or that proper venue lay in Dallas, if § 3238 were applicable. Rather, she moved that the indictment be *dismissed.* While she may have failed properly to object to ven-

shall be at such Place or Places as the Con-

gress may by Law have directed.

ue,[3] we need not reach that question since the government asked the trial court to rule on the 18 U.S.C. § 3238 venue question before trial.

In any event, the district court was correct in overruling appellant's motion to dismiss. We hold that venue for trial was proper in the Middle District of Tennessee under 18 U.S.C. § 3238. It is therefore not necessary to decide whether the jury might still have found venue in that district under 18 U.S.C. § 3237, dealing with offenses begun in one district and continued or completed in another.

■ Appellant's other contentions in this case are also without merit. It was not demonstrated error for the trial court to allow the introduction of proof as to occasions in 1979 when appellant met surreptitiously with Collins while he was evading court process or to permit circumstantial evidence of occasions prior to indictment when Fraser associated with Collins. Rule 404(b) of the Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ The Rule provides that evidence of wrongful act, even criminal acts of a party, may be admissible to show, among other things, "motive," "intent," "plan" or "absence of mistake." The testimony challenged indicated appellant's secretive and continuing relationship with Collins, a fugitive, to bear upon her motive or intent or plan to assist Collins in his later escape and her assistance to prevent his apprehension. "The district court judge is granted a broad discretion in ruling on admissibility of evi-

dence under Rule 404(b)." *United States v. Czarnecki,* 552 F.2d 698, 702 (6th Cir.1977), *cert. denied,* 431 U.S. 939, 97 S.Ct. 2652, 53 L.Ed.2d 257. *See also United States v. Riggins,* 539 F.2d 682, 683 (9th Cir.1976). The evidence is relevant to the question of intent and whether appellant had formulated a plan to "assist and comfort" Collins in his escape and attempt to avoid recapture. There was no abuse of discretion in the district court's overruling appellant's motion to exclude such evidence.

■ Neither did appellant establish error in the trial court's rejection of certain requested special jury charges. Evidence of guilt does not have to be "so conclusive as to exclude every possible hypothesis of her (appellant's) innocence." The test, rather, is whether the evidence is sufficient to convince the jurors, beyond a *reasonable* doubt, not beyond any doubt or hypothesis. *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *United States v. Shepard,* 538 F.2d 107, 111 n. 8 (6th Cir. 1976); *United States v. Carter,* 486 F.2d 1027, 1028 (6th Cir.1973). See Devitt & Blackmar *Federal Jury Practice & Instructions,* § 1502 (3d Ed.1977). The trial court is surely not required to instruct the jury, as requested by appellant, that it has the power "not to follow the instructions of the court," or that the jury "has a general veto power." The guilty verdict was supported by substantial evidence in the record of the case.

■ Finally, it is not the province of the appellate court, under the circumstances of this record, to reconsider the sentence imposed in this case or weigh its propriety, since the sentence was well within the range permitted by statute, and there was no showing whatever of gross abuse of discretion. "There are few exceptions to the rule that a sentencing decision by a district judge is unreviewable if it is within statutory limits . . . ." *United States v. Barbara,*

---

**3.** Failure to object in a timely fashion to venue until after completion of the government's case may constitute waiver. *United States v. Burkhart,* 501 F.2d 993, 996 (6th Cir.1974), *cert. denied,* 420 U.S. 946, 95 S.Ct. 1326, 43 L.Ed.2d

424 (1975). *See United States v. Fabric Garment Co.,* 262 F.2d 631 (2d Cir.1958); *United States v. Miller,* 246 F.2d 486 (2d Cir.1957), *cert. denied,* 355 U.S. 905, 78 S.Ct. 332, 2 L.Ed.2d 261 (1957).

**1560**

683 F.2d 164, 166 (6th Cir.1982). No such exception is evident in this case. Appellant has not demonstrated any illegality in the actions of the sentencing judge.

It is surely true, as the Government asserts, that a trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose. It is also true that before making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.

*United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, 596 (1972).

Accordingly, the conviction and sentence of appellant Fraser is AFFIRMED.