762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
MICHAEL ANTHONY FERGUSON, DEFENDANT-APPELLANT.
 NO. 84-5730
 United States Court of Appeals, Sixth Circuit.
 4/12/85
 
 On Appeal from the United States District Court for the Western District of Kentucky
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and NEWBLATT, District Judge.*
 PER CURIAM:
 
 
 1
 Responding to a large number of complaints of missing, rifled and undelivered mail, Postal Inspectors deposited test letters in collection boxes in approximately ten routes in the Louisville and Jefferson County, Kentucky area. On December 8 and 9, 1983, three test letters were deposited in a box for which defendant had sole responsibility during the time period of the deposits. When the letters had reached their destination, two had been rifled.
 
 
 2
 Having cause now to focus on the defendant, the Inspectors, on December 13, 1983, deposited five more pieces of mail, one post card of no extrinsic value, and four 'attractive' letters; that is, letters in envelopes containing $4 in cash each. On watching the box after deposit, the inspectors observed defendant collecting and sorting the mail. When the mail was turned in to the Post Office and examined by the inspectors, the unattractive post card was found but not the four pieces of 'attractive' test mail. Upon following the defendant to his home, the inspectors obtained defendant's consent to search his truck which defendant had properly used to deliver the mail. The search produced 49 letters including the 'attractive' mail.
 
 
 3
 Defendant was arrested and charged in four counts of violating 18 USC Sec. 1703(a)[1] in that, as a Postal employee, defendant had unlawfully detained and delayed these letters.
 
 
 4
 Ultimately defendant was convicted on jury trial of all four counts and claims on appeal that the trial court erred in admitting evidence of the prior rifled mail under Rule 404(b) of the Federal Rules of Evidence. Defendant also claims it was error not to direct a verdict of acquittal based on the failure of evidence as to the defendant's intent.
 
 
 5
 A. The Admission of Evidence of Other Rifled Mail Under Rule 404(b)
 
 
 6
 At trial, the government sought admission of evidence that on December 8 and 9, 1983, the two test letters were deposited in a box under defendant's control and when the letters ultimately reached their destinations, they had been rifled. In addition, the government sought admission of the lack of rifling of the test letters deposited by the inspectors in the boxes on the other nine routes. Not only did defendant object to the admission of this evidence at trial, but he had also filed a pre-trial motion in limine to prohibit the government from presenting evidence of any test mailings or incidents of missing test mail from the test mailings of December 8 and 9, 1983.
 
 
 7
 The government sought the admission of this evidence to oppose the defendant's claim that the mail found in his truck had been left there inadvertently or by mistake. The trial court determined to allow the testimony, but offered to give a Rule 404(b) admonition. The trial court not only admitted evidence of the two test letters and their rifling but also admitted evidence that none of the other test letters deposited on the other nine routes had been rifled.
 
 
 8
 It is important to note that there is direct no evidence whatever in the record that the defendant rifled the two test letters. Moreover, Kenneth Federspiel, an employee of the Postal Service and defendant's supervisor, testified that at least several hundred carriers had keys to the box which contained the test letters and thus had access to these letters. Since no observation of the test letters through the postal system was made, there is no way to show directly or circumstantially that it was the defendant who rifled these letters rather than any one of many people who handled them from the time they were removed from the collection box until ultimately delivered to the addressees.
 
 
 9
 Various circuits have accepted different standards as to the degree of proof necessary before 'the other crimes, wrongs, or acts' of Rule 404(b) can be admitted. Clear and convincing evidence as to the defendant having committed the other acts is required in some circuits. United States v Moschiano, 695 F2d 236 245 (7th Cir. 1983); United States v Wilford, 710 F2d 439, 449 (8th Cir. 1983); United States v Herrera-Medina, 609 F2d 376, 379 (9th Cir. 1976). Others require that the evidence be sufficient for a jury reasonably to find the preliminary fact to exist. United States v Mortazavi, 702 F2d 526, 528 (5th Cir. 1983); United States v Edwards, 696 F2d 1277, 1280. Another applies a preponderance of the evidence test. United States v Kahan, 572 F2d 923 (1978). See generally, 2 J. Weinstein and M. Berger, Weinstein's Evidence, p404, pp. 404-56 to 404-58. The Sixth Circuit, while not directly passing on the point under the Federal Rules of Evidence, did say: 'American jurisdictions nearly universally have rules somewhat similar to the Tennessee common law rule allowing 'clear and convincing' evidence of other crimes . . .' Manning v Rose, 507 F2d 889, 892 (6th Cir. 1974).
 
 
 10
 Under any of these standards, the evidence of the prior rifling should not have been admitted since there is simply no evidence that defendant had done the rifling.
 
 
 11
 As stated in United States v Ismail, No. 84-1489, slip op. at 13.14 (6th Cir. Mar. 18, 1985):
 
 
 12
 Whether the improper admission of evidence under F.R.E. 404(b) constitutes prejudicial error or harmless error must be decided on the facts of each case . . . This court has held that the standard articulated in Kotteakos v United States, 328 U.S. 750 (1946), should be used in making such a determination . . .
 
 
 13
 The Court stated in Kotteakos that the record must be considered as a whole from the perspective of how the error might have affected the jury. 328 U.S. at 764. The test is:
 
 
 14
 If, when all is said and done, the conviction is sure that the error did not influencing the jury, or had but very slight effect, the verdict and the judgment should stand . . .. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.
 
 
 15
 Id. at 764-65.
 
 
 16
 Applying this test, it must be concluded that the error had a substantial influence since it dealt with the precise question presented--whether the letters which served the bases for the indictment were inadvertently or intentionally left in the truck by the defendant. The importance to the case of this evidence was magnified because it was coupled with the irrelevant testimony that no other test letters deposited on the other routes had been tampered with. The error was not harmless.
 
 
 17
 B. The Court's Denial of Defendant's Motion for Judgment of Acquital
 
 
 18
 In reviewing a jury verdict of guilty, the Court after viewing the evidence in a light most favorable to the prosecution must determine:
 
 
 19
 '. . . Whether upon the evidence, giving full play to the right to the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concluces that upon the evidence there must be such a doubt in a reasonable mind he must grant the motion; or, to state it another way, if there is no evidence which upon a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter.'
 
 
 20
 Curley v United States, 160 F2d 229, 232 (DC Cir. 1947); See also Glasser v United States, 86 L Ed 680, 315 US 60 (1942). See Fed. R. Crim. P. 29.
 
 
 21
 The prosecutor offered as evidence of intent the fact that the 49 delayed pieces of mail all faced the same way, were bound and located in defendant's carrier bag, under his coat and under the seat of the truck. All this indicates defendant had gone through the mail. Also, the four 'attractive' test letters were among those delayed and the test post card was not. Finally, defendant was observed making motions which would indicate that he was sorting the mail. Given this evidence, one must conclude that either a finding of guilt beyond a reasonable doubt or reasonable doubt is possible. Therefore, the district court's determination was correct.
 
 
 22
 For the reasons stated, the verdict should be set aside and the cause remanded for a new trial.
 
 
 23
 LIVELY, Chief Judge, concurring and dissenting.
 
 
 24
 I concur in the majority's holding that the evidence in this case was sufficient to support the verdict of the jury, but I respectfully dissent from the finding that the district court committed reversible error in the admission of evidence.
 
 
 25
 The defendant was not charged with stealing from the mails; the only charge was that he unlawfully delayed or detained mail entrusted to him as a postal employee. In his testimony the defendant freely admitted that he had detained mail on December 13; but insisted that he did not do so intentionally, that the mail somehow had just gotten covered up on the floor of his truck and was overlooked. His attorney argued that there was no reasonable cause to suspect Mr. Ferguson and that the entire investigation and prosecution were the work of a callous and cruel bureaucracy.
 
 
 26
 To counter the defendant's contention, the government sought to show that Mr. Ferguson was not chosen arbitrarily for testing and surveillance on December 13, but that a previous test of ten routes had caused the postal inspectors to focus on him. The district court held that evidence of the December 8 and 9 tests was admissible under Rule 404(b) and offered to admonish the jury on the limited purpose for which this evidence was admitted. Defense counsel requested the court not to give the limiting instruction.
 
 
 27
 I believe the evidence was properly admitted to show absence of mistake or accident, 'other purposes' permitted under Rule 404(b). The evidence was relevant to the claim of mistake or accident put forward by the defendant. 'Revelant evidence' is defined in Rule 401 as evidence 'having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' The district court considered the probative value as opposed to the possible prejudicial effect of the evidence concerning the December 8 and 9 test mailings and decided in favor of admitting it. I would uphold that ruling. This court has held that '[t]he district court judge is granted a broad discretion in ruling on admissibility of evidence under Rule 404(b).' United States v. Fraser, 709 F.2d 1556, 1559 (6th Cir. 1983) (quoting United States v. Czarnecki, 552 F.2d 698, 702 (6th Cir.), cert. denied, 431 U.S. 939 (1977)). In this case the trial judge heeded the proper considerations in making the ruling and did not abuse his discretion. I would affirm the conviction.
 
 
 
 *
 Honorable Stewart A. Newblatt, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Sec. 1703(a) states:
 (a) Whoever, being a Postal Service officer or employee, unlawfully secretes, destroys, detains, delays, or opens any letter, postal card, package, bag, or mail entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier or other employee of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, shall be fined not more than $500 or imprisoned not more than five years, or both.