762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
RANKAJANAD AGRAWAL, M.D., DEFENDANT-APPELLANT.
 NO. 84-5732
 United States Court of Appeals, Sixth Circuit.
 4/19/85
 
 On Appeal from the United States District Court for the Eastern District of Kentucky
 Before: ENGEL and KEITH, Circuit Judges; and COHN,* District Judge.
 PER CURIAM.
 
 
 1
 Pankaj Anand Agrawal appeals his conviction for filing false Medicaid and Medicare claims and for mail fraud after a jury trial in the United States District Court for the Eastern District of Kentucky. Appellant argues that the trial court erroneously admitted evidence of prior misconduct and that there was insufficient evidence of his intent to defraud. He also claims prosecutorial misconduct and that the trial court erred in failing to give a requested jury instruction.
 
 
 2
 Appellant (referred to as Dr. Anand) was indicted on September 7, 1983, in a sixty-count indictment. The government alleged that Dr. Anand had knowingly filed Medicare and Medicaid claims to obtain payment for services which had not been performed. Dr. Anand subsequently went to trial before a jury on eleven counts of violations of 42 U.S.C. Sec. 1395nn(a)(2) for filing false Medicare claims, twelve counts of violations of 42 U.S.C. Sec. 1396h(a)(2) for filing false Medicaid claims, and two counts of violations of 18 U.S.C. Sec. 1341 for mail fraud. On June 28, 1984, the jury convicted Dr. Anand on six counts of violating section 1395nn(a)(2), three counts of violating section 1396h(a)(2), and the two mail fraud counts. His subsequent motions for a judgment of acquittal and for a new trial were denied, and he was sentenced to one year plus one day imprisonment for each count to be served concurrently and assessed a total fine of $47,000. This appeal followed.
 
 
 3
 On appeal, appellant raises five issues. First, he claims that the trial court should not have allowed the testimony of two witnesses whose medical care was not at issue in the trial. That testimony concerned medical tests which the witnesses asserted had not been performed on them but for which their insurance companies were billed. Second, Dr. Anand objects to the admission of his employee's testimony that she had placed falsified records of tests in files to provide documentation for tests that were not performed. Third, appellant claims prosecutorial misconduct in certain questions put to him and other defense witnesses. Dr. Anand also asserts that there was insufficient evidence of any intent to defraud, and, finally, that the trial court erred in not giving his requested jury instruction on reasonable doubt.
 
 
 4
 The most serious claim of error made in this appeal relates to the introduction of testimony concerning the other false claims allegedly filed by defendant. The alleged filing of those claims was not directly involved in the counts of the indictment on which he was ultimately tried, but the evidence was introduced to show appellant's intent. While the issue is not without difficulty, the court upon a review of the record as a whole is convinced that appellant's reliance upon United States v. Ring, 513 F. 2d 1001 (6th Cir. 1975), is misplaced and that the district judge did not abuse the 'broad discretion' accorded him in ruling on the admissibility of such evidence under Fed. R. Evid. 404(b), see United States v. Frazer, 709 F.2d 1556, 1559 (6th Cir. 1983).
 
 
 5
 The court is of the further opinion that while certain alleged instances of misconduct by the prosecutor who tried the case plainly taxed the patience of the trial judge, the judge sufficiently held the prosecutor in check to prevent a miscarriage of justice. We find in the record no prosecutorial misconduct which amounted to prejudicial error. While the appellant's further assignments of error have been skillfully advanced by his counsel, we find no merit in them sufficient to require a new trial.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation