774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee,
v.
Charles Frierson, Defendant-Appellant.
 No. 84-5873
 United States Court of Appeals, Sixth Circuit.
 9/30/85
 
 M.D.Tenn.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: JONES and WELLFORD, Circuit Judges; and HOGAN*, Senior District Judge.
 PER CURIAM.
 
 
 1
 Defendant, Charles Frierson, appeals from his conviction, after having been found guilty by a jury on six counts of a nine count indictment: (1) conspiracy to distribute heroin in violation of 21 U.S.C. Sec. 846; (2) and (3) aiding and abetting the distribution of heroin in violation of 21 U.S.C. Secs. 2 and 841(a)(1); (4)-(6) distrib tion of heroin in violation of 21 U.S.C. Sec. 841(a)(1). Frierson was sentenced to thirty years on each count; on the first four counts, the sentence ran consecutively; on the remaining counts, the sentence ran concurrently with count four. Frierson was also assessed fines totalling $150,000. The trial court set Frierson's parole eligibility at nineteen years.
 
 
 2
 Defendant first objects to the district court's procedure in admitting the hearsay statements made by defendant's co-conspirators. At trial, the district court judge overruled defendant's objections holding that he would permit the statements initially, but if the government failed to prove the existence of the conspiracy, he would exclude the evidence. After the government had presented evidence, the judge specifically held that the 'government has proved . . . that a conspiracy did exist . . . and has carried the burden of proof in that regard and therefore all hearsay evidence is admissible.'
 
 
 3
 The trial court's procedure was valid under United States v. Vinson, 606 F.2d 149 (6th Cir. 1979), cert. denied, 444 U.S. 1074, reh'g denied, 445 U.S. 972 (1980), in which we held that a co-conspirator's hearsay statements are admissible to satisfy the prerequisites of United States v. Enright, 579 F.2d 980 (6th Cir. 1978). See also Fed. R. Evid. 104(a) and 801(d)(2). Defendant's contention that the judge's procedure was in error is without merit.
 
 
 4
 Defendant's second contention is that there was not substantial evidence to support the jury verdict. We have examined the record and are satisfied that this contention is without merit.
 
 
 5
 Defendant finally argues that since he is elderly (61 years old) and since the judge made several comments about the nature of the crimes of which defendant was convicted, the sentence imposed was excessive and showed an abuse of discretion by the judge. We conclude that the defendant's argument is also without merit. A district judge has broad discretion in determining what sentence to impose. United States v. Tucker, 404 U.S. 443, 446 (1972). This court has repeatedly stated that the trial judge's imposition of sentence will not be disturbed absent a 'gross abuse of discretion.' See, e.g., United States v. DeBardeleban, 740 F.2d 440, 447 (6th Cir. 1984); United States v. Fraser, 709 F.2d 1556, 1559 (6th Cir. 1983); United States v. Barbara, 683 F.2d 164, 166 (6th Cir. 1982).
 
 
 6
 Defendant claims that the district judge manifested 'prejudice' in the administration of the sentence by commenting that defendant had been 'convicted of slow murder' because 'when you deal in heroin, it's nothing but slow murder.' The judge's comments, while perhaps inadvisable, do not fall outside the wide bounds of the traditional sentencing factors of societal retribution and general deterrence. See Barbara, 683 F.2d 164, 167.
 
 
 7
 It is well to note that defendant had been previously convicted of Controlled Substances Act violations in 1974. Under 21 U.S.C. Sec. 841(b)(1)(B), enhanced punishment is available, and defendant could have been sentenced to thirty years and $50,000 on each of the six counts (180 years and a $300,000 fine). Defendant received sixty years and a $150,000 fine. This was well within the statutorily prescribed maximum, and we conclude that the judge did not, therefore, abuse his discretion in the sentencing of defendant.
 
 
 8
 Finding no error, we AFFIRM defendant's conviction.
 
 
 
 *
 Honorable Timothy S. Hogan, United States District Court for the Southern District of Ohio, sitting by designation