900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald VANDERVELDEN and Richard Lechler, Defendant-Appellants.
 Nos. 89-1354, 89-1355.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1990.
 
 On Appeal from the United States District Court for the Western District of Michigan, 88-00006, Easlen, D.J.
 W.D.Mich.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and JOHN FEIKENS,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Ronald Vandervelden and Richard Lechler appeal their jury convictions for conspiracy to export marijuana, causing another to export marijuana, and causing another to travel in interstate commerce with intent to export marijuana. We affirm.
 
 
 2
 The conspiracy to export marijuana was centered around Reid VanWormer's farm near Clarksville, Michigan. VanWormer testified that in 1981 an old friend, co-defendant Harvey Bundy, asked him if he would store marijuana at his farm. VanWormer agreed to the proposal in return for marijuana for his personal use and money. VanWormer was then introduced by Bundy to Vandervelden, who explained that he and Bundy wanted to bring large amounts of marijuana to VanWormer's farm.
 
 
 3
 VanWormer stated that the early loads of marijuana were brought by Spanish-speaking males in a pickup truck with Texas license plates. On most occasions, VanWormer would receive a phone call from Vandervelden telling him to leave the farm; but when VanWormer was unable to leave, Vandervelden or Bundy would come over and supervise the unloading of the marijuana.
 
 
 4
 In late 1981, Bundy told VanWormer that in the future a pickup truck would be left at the farm. The driver of that truck was David Klingler. Klingler testified that he and Vandervelden were old acquaintances and that Vandervelden asked him to use the truck to export marijuana into Canada. Klingler stated that he made a number of trips to a farm near London, Ontario where he delivered the marijuana. He returned to the United States by way of border crossings at Detroit, Port Huron and Sault Ste. Marie, Michigan, and Pembina, North Dakota. The records of the U.S. Customs Service showed that license plates registered to Klingler crossed the United States/Canadian border at the above-named border crossings on specific dates. Those dates were used to approximate the dates of the exportation and interstate travel offenses.
 
 
 5
 Klingler's wife, Lorraine Klingler, testified that she was with her husband when he exported marijuana to a farm in Ontario, Canada during 1982 or 1983. She stated that she knew Vandervelden and that her husband had told her that Vandervelden was involved in the marijuana exportation scheme.
 
 
 6
 Klingler testified that Vandervelden served as the conduit to the Canadian connection in the conspiracy. At a meeting held at Vandervelden's home, Klingler was introduced to a man called "Vince", the Canadian who was to receive the marijuana. Vince gave Klingler the money to purchase the truck to haul marijuana into Canada.
 
 
 7
 Both VanWormer and Klingler testified that Lechler was involved in the conspiracy. VanWormer identified Lechler as a person who transported marijuana in connection with Vandervelden and Bundy. Klingler described how he waited at VanWormer's farm until Lechler arrived with a load of marijuana, which was then taken to Canada.
 
 
 8
 Lechler and Vandervelden were charged in nine of eleven counts of an indictment returned in the Western District of Michigan. Count 1 charged a conspiracy among Lechler, Vandervelden, seven known co-conspirators and several unknown co-conspirators to export marijuana to Canada. Counts 2, 4, 6, 8 and 10 charged the substantive offenses of exportation, contrary to 21 U.S.C. Sec. 953. Counts 3, 5, 7, 9 and 11 charged an interstate travel offense, contrary to 18 U.S.C. Sec. 1952, corresponding to each substantive exportation.
 
 
 9
 After an eight day jury trial, both Lechler and Vandervelden were found guilty on all charged counts. Lechler was sentenced to five years in prison, a special parole term of two years, and a fine of $10,000. Vandervelden was sentenced to a prison term of seventeen years, a special parole term of two years, and a fine of $55,000. Vandervelden's sentence was the result of consecutive sentencing on Counts 1, 4, 5 and 6.
 
 
 10
 We will first address Vandervelden's arguments on appeal. His first contention is that he was denied a fair trial by the district court's refusal to grant him a severance or a mistrial after cross-examination of Klingler by Lechler's counsel brought out evidence of prior unlawful conduct which the district court had previously excluded as unfairly prejudicial. Klingler's testimony concerned the facts of a prior case in which Vandervelden was acquitted.
 
 
 11
 The question of whether to grant a motion for severance is committed to the trial court's discretion, and thus we review the court's determination under an "abuse of discretion" standard. United States v. Lawson, 780 F.2d 535, 545 (6th Cir.1985). Similarly, we will reverse a denial of a mistrial motion only upon a showing of abuse of discretion. United States v. Atisha, 804 F.2d 920, 926 (6th Cir.1986).
 
 
 12
 We find no abuse of discretion in the district court's denial of Vandervelden's motion for severance or mistrial. The district court correctly determined that a single reference to Vandervelden in the form of an incomplete answer did not constitute prejudice. The court struck Klingler's response from the record and cured any possibility of prejudice by giving a lengthy curative instruction. In addition, the court admonished Klingler not to use Vandervelden's name unless explicitly asked. We therefore conclude that Vandervelden was not denied a fair trial by the district court's denial of his motion for severance or mistrial.
 
 
 13
 Vandervelden's second argument concerns the admission into evidence of two falsified Wage and Tax Forms. The tax forms were prepared for Vandervelden by Klingler for 1978 and 1979. Klingler testified that he issued the forms at Vandervelden's request so that it would appear that Vandervelden had a steady job. The district court ruled that the tax forms were admissible under Rule 404(b) of the Federal Rules of Evidence, finding that the documents were probative of "intent" and "association."
 
 
 14
 Vandervelden argues that the district court abused its discretion in admitting the tax forms and by failing to give a limiting instruction regarding those forms. He contends that this evidence not only implicated him in uncharged fraudulent activity and tax violations, but also suggested his involvement in drug activities in regard to which he had been tried and acquitted in the prior case. Vandervelden concludes that the evidence was not admissible for any proper purpose under Rule 404(b), and that whatever probative value it may have had was substantially outweighed by the potential for unfair prejudice occasioned by its admission.
 
 
 15
 Rule 404(b) of the Federal Rules of Evidence allows the prosecution to introduce prior bad acts of a defendant to show "a proper purpose," such as proof of intent. United States v. Hatfield, 815 F.2d 1068, 1072 (6th Cir.1987). In United States v. Fraser, 709 F.2d 1556, 1559 (6th Cir.1983), we upheld the admission of 404(b) evidence on the theory that "a secretive and continuing relationship" with a co-defendant did "bear upon her motive or intent or plan to assist" the co-defendant. In addition, the district court has broad discretion in balancing probative value against prejudicial impact. United States v. Ismail, 756 F.2d 1253, 1259 (6th Cir.1985).
 
 
 16
 In this case, the falsified tax forms were highly probative of the ongoing relationship between Vandervelden and Klingler and of Vandervelden's intent to join the conspiracy. The district court demonstrated its concern for the prejudicial effect of the prior drug-trafficking relationship of Vandervelden and Klingler by excluding all references to prior drug dealings between them. We therefore find no abuse of discretion in the district court's admission of the tax forms.
 
 
 17
 Vandervelden's third argument is that there was insufficient evidence to support a conviction on the substantive crimes charged in Counts 4 through 11. He contends that the evidence of the border crossings established only that trips to and from Canada were made on those dates, not that illegal exportation had occurred on those dates. At trial, the district court denied Vandervelden's Rule 29 motion challenging the sufficiency of the prosecution's proof.
 
 
 18
 On appeal from denial of a Rule 29 motion, we review the evidence in a light most favorable to the government, and if the evidence is such that a reasonable mind might fairly find guilt beyond a reasonable doubt, the conviction must be affirmed. United States v. Ashworth, 836 F.2d 260, 263 (6th Cir.1988). Given this standard, we find that there was sufficient evidence to support a conviction on Counts 4 through 11. Klingler's testimony clearly established that marijuana was exported to Canada from January 1982 to late 1983. The customs records proved that during this time period one of either of two license plates registered to Klingler did re-enter the United States from Canada on five specific dates at one of the border crossings testified to by Klingler. In addition, Klingler's wife, Ricky Baker and VanWormer all corroborated Klingler's testimony. Thus, there was ample evidence to support a conviction on the substantive offenses.
 
 
 19
 Vandervelden's fourth and final argument is that his sentence must be set aside because of the district court's improper reliance on the substance of charges of which he had previously been acquitted. A trial court possesses wide discretion in making a sentencing determination, and we review the court's decision with utmost deference. United States v. Miller, 870 F.2d 1067, 1073 (6th Cir.1989). It is not improper for a court to consider information concerning the circumstances surrounding a prior acquittal. United States v. Cardinal, 782 F.2d 34, 37 (6th Cir.1986), citing United States v. Plisek, 657 F.2d 920, 927 (7th Cir.1981). It is clear from the record that the district court fairly assessed Vandervelden's complete background in making its sentencing determination. We therefore find no error in the sentence assessed by the district court.
 
 
 20
 Lechler's initial contention is that his trial counsel rendered ineffective assistance by delivering an inadequate closing argument. Ineffective assistance of counsel claims which were not raised before the district court cannot properly be addressed on appeal. United States v. Hill, 688 F.2d 18, 21 (6th Cir.1982). Lechler did not raise his claim before the district court; thus, we deny Lechler's ineffective assistance of counsel claim without prejudice to his right to seek later relief in a "proper post-conviction" proceeding under 28 U.S.C. Sec. 2255. Id.
 
 
 21
 Lechler's only other argument is that the admission of the falsified tax forms against Vandervelden deprived Lechler of a fair trial. We have already found that the district court did not abuse its discretion in admitting the tax forms. By failing to request severance during the trial, Lechler has waived any prejudice that may have arisen from a joint trial. See United States v. Swift, 809 F.2d 320, 323 (6th Cir.1987). In addition, Lechler has failed to show prejudice amounting to denial of a fair trial. Accordingly, we find that the admission of the tax forms did not deprive Lechler of a fair trial.
 
 
 22
 The convictions of both Vandervelden and Lechler are affirmed.
 
 
 
 *
 The Honorable John Feikens, Senior District Judge for the Eastern District of Michigan, sitting by designation