929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darwin E. WHITE, Defendant-Appellant.
 No. 90-5794.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 On Appeal from the United States District Court for the Middle District of Tennessee, 89-00063, Nixon, J.
 M.D.Tenn.
 AFFIRMED.
 Before RYAN and ALAN E. NORRIS, Circuit Judges; and RUBIN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant, Darwin E. White appeals his jury conviction for failure to file tax returns, in violation of 26 U.S.C. Sec. 7203. This appeal presents three issues:
 
 
 2
 1. Whether the district court abused its discretion when it instructed the jury concerning the Sixteenth Amendment;
 
 
 3
 2. Whether the district court abused its discretion when it admitted into evidence summary charts with headings containing the word "false"; and
 
 
 4
 3. Whether the district court abused its discretion when it imposed the maximum sentence on defendant.
 
 
 5
 We find that although the district court erred when it instructed the jury on the Sixteenth Amendment, such error was harmless. Because we find that White's remaining claims are meritless, we shall affirm.
 
 I.
 
 6
 White, a resident of Tennessee, was indicted in April 1989 on four counts of willful tax evasion, in violation of 26 U.S.C. Sec. 7201, for tax years 1982, 1983, 1984, and 1985. Prior to the indictment, White failed to file any tax returns or pay any income taxes for years 1982 through 1985. The Internal Revenue Service's ("IRS") investigation found that during the applicable tax years, White worked as a manufacturing engineer in the aviation industry through various employment agencies located in Connecticut, Florida, Georgia, Massachusetts, New York, Ohio, and Tennessee. As an employee of the placement agencies, White was required to submit and file W-4 Forms. On these W-4 Forms, White claimed that he was exempt from taxation because: (1) for the previous year he did not owe any federal income tax; (2) he had a right to a full refund of all income tax withheld; and (3) he did not expect to owe any federal income tax for the forthcoming year.
 
 
 7
 Because White claimed an exemption from income tax, White's employers did not withhold any income tax from his salary, as evidenced by the W-2 Forms submitted to the IRS. These W-2 Forms established that White earned $46,746.50 in 1982; $46,001.00 in 1983; $61,642.33 in 1984; and $36,222.17 in 1985. After the IRS determined White's total income and subtracted his lawful exemptions and deductions, the IRS determined that White owed the government the following taxes: $10,459.69 for 1982; $7,491.04 for 1983; $9,866.88 for 1984; and $2,238.00 for 1985.
 
 
 8
 White was indicted on four counts of willful tax evasion, in violation of 26 U.S.C. Sec. 7201, for tax years 1982 through 1985. He was tried on all counts in February 1990. The jury returned not guilty verdicts for violations of 26 U.S.C. Sec. 7201, but returned guilty verdicts to the lesser included offense of failure to file tax returns for tax years 1982 through 1985, in violation of 26 U.S.C. Sec. 7203. White was sentenced to one year imprisonment, with all but three months suspended, and five years probation.
 
 II.
 A. Jury Instruction
 
 9
 White objects to that portion of the jury instructions which stated:
 
 
 10
 [t]he contention that the Sixteenth Amendment was never legally ratified and that the federal government does not, therefore, have authority to collect an income tax has been flatly rejected and is not the law.
 
 
 11
 White claims that he never raised such a defense and argues that this charge suggests that he relied upon an erroneous defense.
 
 
 12
 It is well-established that a trial judge is given substantial latitude in formulating jury instructions as long as they fairly and adequately cover the issues presented. United States v. Saussy, 802 F.2d 849, 853 (6th Cir.1986), cert. denied, 480 U.S. 907 (1987). However, we find that the jury instruction on the Sixteenth Amendment in this case was error because such instruction did not "fairly" cover the issues presented. White never raised the invalidity of the Sixteenth Amendment as a defense. Therefore, the district court's instructions should not have addressed the issue.
 
 
 13
 Nevertheless, we find such error to be harmless because it immediately followed a "Good Faith Belief" instruction which stated that there would be no criminal intent to evade taxation if White, in good faith, believed that he had paid all of his taxes. Moreover, White has failed to show how this instruction prejudiced him. In all events, the instructional error was nullified by the jury when it returned a guilty verdict only for the lesser included offense of failure to file tax returns, which requires no finding of willfulness. Therefore, the district court's erroneous instruction on the Sixteenth Amendment was harmless.
 
 B. Summary Charts
 
 14
 White claims that the trial court erred in admitting into evidence demonstrative charts which summarized the government's evidence concerning a false social security number and false withholding allowances. The first chart is entitled "False Withholding Allowances (W-4);" the second chart is entitled "False SSN # iaj-jz-ckrjUsed by Darwin E. White."
 
 
 15
 Fed.R.Evid. 1006 provides that the "contents of voluminous writings, recordings or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Moreover, this court has recognized that summary charts are admissible not only under Rule 1006, but under the "established tradition" of permitting the introduction of summary evidence with a proper limiting instruction. United States v. Campbell, 845 F.2d 1374, 1381 (6th Cir.), cert. denied, 488 U.S. 908 (1988).
 
 
 16
 White asserts that the use of the word "false" in the charts' headings prejudiced him because there was nothing to support the allegation of falsity. However, there was substantial evidence presented at trial which substantiated the contents of the summary charts, including evidence that the information White provided to his employers concerning the amount to be withheld from his pay for tax purposes was false and that the social security number he used was false. Moreover, White offered no evidence at trial contradicting the accuracy or authenticity of any of the information on the charts. Because the charts were supported by the evidence produced at trial, we find White's contention meritless and hold that the district court did not abuse its discretion in admitting the two summary charts under Rule 1006.
 
 C. Sentence
 
 17
 White asserts that the district court erred in imposing a disproportionately severe sentence. However, a trial court has great discretion when determining the sentence of a defendant. United States v. Fraser, 709 F.2d 1556, 1559 (6th Cir.1983) (citing United States v. Tucker, 404 U.S. 443 (1972)). We find that White's sentence met both the statutory terms of 26 U.S.C. Sec. 7203 and 18 U.S.C. Sec. 3651 because White was not subject to imprisonment for more than one year and was not subject to probation for more than five years. Therefore, we hold that the district court did not abuse its discretion in imposing White's sentence.
 
 III.
 
 18
 For the foregoing reasons, we AFFIRM defendant's jury conviction and sentence.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation