48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael SHORT, Defendant-Appellant.
 No. 94-5116.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Michael Short presents several claims of error relating to his criminal trial for convicted felon in possession of a firearm.[1] Because we find no error, we AFFIRM the conviction.
 
 I.
 
 2
 On September 4, 1992, the Tracy City Police Department received a complaint that Short had pulled a gun on a man. Officer Keele found Short just outside of a Chevrolet van. Keele and another officer asked Short if he had a weapon on his person or in his van, and he asserted that he did not.
 
 
 3
 During this conversation, the officers asked to search the van. Short initially gave them permission to search, opening the driver's side door. As Short began opening the side sliding door, he asked if they needed a warrant. He asked them to stop the search until a warrant was obtained. He then denied ownership of the van. Keele asked Short to secure the van until he got a warrant. At that point, Keele observed the butt of a revolver sticking out from some clothing, and noticed that Short was reaching into the van in that direction. Therefore, Keele pulled Short out of the van and arrested him. He retrieved a loaded .357 Smith & Wesson revolver from the van. At the time of his arrest Short was carrying $1400 in his pocket.
 
 
 4
 The district court denied Short's motion to suppress the firearm. Short was convicted by a jury of possession of a firearm. This appeal ensued.
 
 II.
 
 5
 Short argues that there was insufficient evidence to support a finding of constructive possession or a nexus between the firearm and interstate commerce. Reviewing the record as a whole, in a light most favorable to the government, we find that there was sufficient evidence to support Short's conviction. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 6
 Having studied the record and the briefs of the parties, we are satisfied that a reasonable jury could, and did, find that Short knowingly possessed the firearm. United States v. Blankenship, 954 F.2d 1224, 1227 (6th Cir.), cert. denied, 113 S.Ct. 288 (1992). Short initially gave Keele permission to search "his" van, and only subsequently denied ownership. Keele testified that Short was reaching for the gun when Keele first saw the gun. Additionally, testimony was presented that Short was seen driving the van earlier in the evening, and further, that Short regularly drove the van.
 
 
 7
 We also find that sufficient evidence was introduced to prove the interstate nexus. The evidence shows that Keele seized a .357 Smith & Wesson revolver, and that these revolvers are manufactured only in Springfield, Massachusetts.[2] Accordingly, the government's evidence that the gun was manufactured outside the state of possession, Tennessee, is sufficient to prove an interstate commerce nexus. United States v. Fish, 928 F.2d 185, 186 (6th Cir.), cert. denied, 112 S.Ct. 115 (1991).
 
 III.
 
 8
 We also reject Short's claim that the district court erred by admitting evidence of the $1400. Evidence of a defendant's possession of cash is admissible to establish the defendant's motive for illegally possessing an unregistered firearm. United States v. Hatfield, 815 F.2d 1068, 1072 (6th Cir.1987). Here, the district court correctly ruled that Short's possession of a large amount of cash was probative and relevant with respect to whether he knew the gun was there, and supplies a potential motive for his possession of the gun. Therefore, the district court did not abuse its discretion in admitting this evidence.[3] United States v. Rey, 923 F.2d 1217, 1222 (6th Cir.1991).
 
 IV.
 
 9
 Further, we summarily reject Short's argument that he was not brought to trial within the time dictated by the Speedy Trial Act. United States v. Monroe, 833 F.2d 95, 98 (6th Cir.1987); 18 U.S.C. Secs. 3161(c)(1) & 3162(a)(2). Because the indictment (and detainer) was returned prior to Short's first appearance before a judicial officer, which was at his arraignment, we conclude that the countable time under the Speedy Trial Act began to run from the day of his arraignment, August 12, 1993. United States v. Richmond, 735 F.2d 208, 211 (6th Cir.1984). His trial commenced on October 20, 1993, and therefore, was well within the confines of the Speedy Trial Act.
 
 V.
 
 10
 In reviewing the admissibility of evidence seized without a warrant, we defer to the findings of fact by the district court unless those findings are clearly erroneous, but we review the conclusions of law de novo. United States v. Wright, 16 F.3d 1429, 1437 (6th Cir.), cert. denied, 114 S.Ct. 2759 (1994). Viewing the evidence in the light most favorable to the government, we will affirm the denial of a motion to suppress if the district court's conclusion can be justified for any reason. United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993).
 
 
 11
 We find that the warrantless seizure of the gun was proper under the "plain view" doctrine. Texas v. Brown, 460 U.S. 730, 737 (1983). The officer was properly in a position from which he viewed the butt of the gun in the van. Second, there is no evidence to indicate that the officer's reliance on the plain view doctrine was pretextual. Third, it was "immediately apparent" that the gun was possibly evidence of a crime, contraband, or otherwise subject to seizure.
 
 
 12
 Here, Keele testified that he ceased his authorized search of the van when Short requested him to stop. Keele observed Short reaching into the vehicle, and noted that Short's hand was moving toward the butt of a gun. Keele was entitled to seize the gun when he saw the butt sticking out from under a shirt, and thus had probable cause to arrest Short, who could have readily accessed the gun. United States v. Hensley, 469 U.S. 221, 236 (1985); United States v. Thomas, 11 F.3d 620, 628 (6th Cir.1993), cert. denied, 114 S.Ct. 1570 (1994).
 
 VI.
 
 13
 After the close of all evidence, Short moved for a directed verdict based on lack of venue. The court properly denied Short's motion. Objections to venue are waived unless they are made prior to the close of the government's case. United States v. Fraser, 709 F.2d 1556, 1559 n. 3 (6th Cir.1983). Because Short waived his objection his last assignment of error is meritless.
 
 VII.
 
 14
 For the reasons stated above, we reject Short's claims of error on appeal and AFFIRM the district court's rulings and Short's conviction.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Short was charged in a one-count indictment for possession of a firearm on December 8, 1992. A superseding indictment, filed on July 27, 1993, added charges of making a destructive device and possession of an unregistered explosive device. Defendant's motion to sever Count One from the new Counts Two and Three of the superseding indictment was granted on October 15, 1993
 
 
 [2]
 Although there was conflicting testimony with respect to whether Special Agent Winston Davidson inspected the revolver seized from the van, judging witness credibility is the province of the jury, not the court. Because there was sufficient evidence to conclude that Davidson inspected the gun, we will not disturb this finding. United States v. Bond, 22 F.3d 662, 667 (6th Cir.1994)
 
 
 [3]
 Additionally, because it was not error to admit the evidence, there was no error in the prosecutor's reference to the evidence